**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5009-15T4

VINCENT HAGER,

    Plaintiff-Appellant,

v.

HOWARD D. POPPER, ESQ.,

    Defendant-Respondent.

_____

> Argued October 30, 2017 — Decided November 17, 2017
>
> Before Judges Sabatino, Whipple and Rose.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Morris County, Docket No.
> L-1477-13.
>
> Angela M. Roper argued the cause for appellant
> (Roper & Thyne, LLC, attorneys; Kenneth S.
> Thyne, on the brief).
>
> Maxwell L. Billek argued the cause for
> respondent (Wilson, Elser, Moskowitz, Edelman
> & Dicker, LLP, attorneys; Mr. Billek, of
> counsel and on the brief; Diana Rivas Hamar,
> on the brief).

PER CURIAM

    Plaintiff Vincent Hager appeals the trial court's order

granting summary judgment in favor of Howard D. Popper, Esq., the

defendant attorney in this legal malpractice case, and dismissing the complaint as untimely under the six-year statute of limitations, N.J.S.A. 2A:14-1. For the reasons that follow, we remand for an evidentiary hearing pursuant to Lopez v. Swyer, 62 N.J. 267, 275 (1973) to address fact-dependent and credibility-dependent issues of equitable tolling.

Because the record will be developed further on remand, we need not recite the facts fully or conclusively. The following brief summary will suffice for our present purposes.

Plaintiff, a construction worker, was injured in a workplace accident in August 2001 when a truck dumped several yards of concrete on him. Plaintiff retained Popper to represent him in a workers' compensation petition and also in a separate civil action against the operator of the truck and the concrete subcontractor that employed the operator.

In the fall of 2005, defendants in the civil action proposed to pay plaintiff $178,000 in settlement, a figure that he apparently accepted on his counsel's recommendation with reluctance after plaintiff had personally researched other verdicts on the Internet and concluded that the offer was "a joke." Plaintiff signed a release in the civil action in October 2005 and received the settlement funds.

Popper eventually moved to be relieved as counsel in the workers' compensation case in March 2007 after the lawyer-client relationship deteriorated and plaintiff ceased communicating with him. A successor attorney thereafter represented plaintiff in the compensation case.[1]

According to plaintiff, he did not learn until February 2013 that Popper had allegedly violated standards of care in representing him. Plaintiff contends that Popper concealed pertinent information from him before he agreed to settle the civil action, including the fact that two of his potential experts in the civil action were likely to be barred because of a failure to serve their expert reports. Plaintiff also contends that Popper misadvised him that his medical bills would be fully reimbursed and covered in the workers' compensation case.

Plaintiff filed the present legal malpractice action in May 2013. He argues that principles of equitable tolling justify extending the statute of limitations to the time when he had reason to know that his former attorney had caused him harm. He contends that, as a minimum, the matter should be remanded to the trial court for a Lopez hearing. Id. at 275. Plaintiff also appeals

---

[1] We have been advised in correspondence from plaintiff's counsel that the compensation case resulted in an award of temporary benefits of $123,200, subject to a lien of $117,916.65.

the trial court's denial of his cross-motion for leave to amend his complaint to assert allegations of fraud, based on materials supplied in discovery.

Popper counters that no such hearing is needed, and that plaintiff's cause of action accrued as a matter of law in October 2005 when he agreed to settle the civil action and signed a release. With respect to plaintiff's claim of being prejudiced by the court's exclusion of two potential medical experts, Popper asserts that he had not strategically planned to have those two particular doctors, who had examined plaintiff in the compensation case, testify. Instead, Popper contends that he had obtained a report from a separate medical expert, who was prepared to testify if the case had not settled. Popper further contends that plaintiff's cross-motion to amend the complaint was properly denied as untimely and unfounded by evidence.

The Supreme Court in Lopez set forth the seminal principles of equitable tolling of a statute of limitations, sometimes referred to as the "discovery rule." Id. at 272-76. "The doctrine . . . provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he has a basis for an actionable claim." Id. at 272. A plaintiff has the burden of proof in establishing the

equitable grounds for the indulgence of the discovery rule.  <u>Id.</u> at 276.

The Court has extended these equitable tolling principles to the specific context of legal malpractice cases.  Ordinarily, a six-year statute of limitations applies to such claims.  <u>Vastano v. Algeier</u>, 178 <u>N.J.</u> 230, 236 (2003).[2]  A cause of action for legal malpractice generally accrues "when an attorney's breach of professional duty proximately causes a plaintiff's damages."  <u>Grunwald v. Bronkesh</u>, 131 <u>N.J.</u> 483, 492 (1993).  However, under "special circumstances and in the interest of justice," the discovery rule may be applied "to postpone the accrual of a cause of action when a plaintiff does not know and cannot know the facts that constitute an actionable claim."  <u>Ibid.</u>  Given the fiduciary relationship between a lawyer and a client, the Court has instructed that the discovery rule applies in legal malpractice cases, such that "the statute of limitations begins to run only when the client suffers actual damage <u>and</u> discovers, or through

---

[2] We are aware that efforts have been pursued (and opposed) to persuade the Legislature to shorten this period and make the statute of limitations for legal malpractice claims co-extensive with medical malpractice claims.  Even so, no such legislative reform has taken place.  We provide no commentary on the subject other than our recognition of the ongoing policy debate.

the use of reasonable diligence should discover, the facts essential to the malpractice claim." Id. at 494 (emphasis added).

Here, the critical date for evaluating the level of plaintiff's knowledge of such "essential" facts to support a legal malpractice claim is May 30, 2007, i.e., six years before he filed his complaint. The key issue is whether, by that date, plaintiff knew or had sufficient reason to know that he had been harmed by the alleged negligent actions and inactions of Popper, his former attorney.

The trial court determined that plaintiff knew or should have known in October 2005, when he reluctantly agreed to accept a settlement that he regarded as a "joke," that he had a perceived basis for a legal malpractice claim against Popper. To be sure, the record is clear that plaintiff at that time was dissatisfied with the amount of the settlement. However, the present record is incomplete and murky as to when plaintiff possessed sufficient knowledge of the "essential" information to have reason to know that Popper was negligent and that his negligence caused plaintiff to be offered a disappointing settlement.

For instance, the record is unclear if plaintiff knew by May 30, 2007 that his medical bills would not be covered fully in the compensation case, assuming that such limitation on recovery is actually correct. A memorandum to the file from plaintiff's

successor compensation attorney dated June 30, 2010 spotlights this medical reimbursement problem, but is unclear as to when plaintiff was first alerted to it. In addition, it is also unclear when plaintiff was first alerted about the motion to exclude two potential experts, or of Popper's position that their testimony was unnecessary to the case.

Given these and other uncertainties, we conclude that the most appropriate course of action is to remand the matter for an evidentiary hearing under Lopez. As the Court noted in Lopez, such a hearing is not always necessary, but "[g]enerally the [knowledge] issue will not be resolved on affidavits or depositions since demeanor may be an important factor where credibility is significant." Lopez, supra, 62 N.J. at 275. Although we have been supplied in the record with various excerpts of deposition testimony, we discern that credibility remains an issue that is best explored at an evidentiary hearing.

We also are mindful of the relatively short period of time between the filing of Popper's motion to be relieved in March 2007 and the pivotal six-year "trigger" date of May 30, 2007. The record is unclear as to what Popper or another attorney might have told plaintiff before the motion to be relieved was granted, or

before May 30, 2007.[3]  Plaintiff's claim to amend the complaint should be reconsidered by the trial court, depending on the outcome of the <u>Lopez</u> hearing.

Summary judgment is therefore vacated without prejudice, and the matter is remanded for an evidentiary hearing.  We do not retain jurisdiction.  Any aggrieved party may pursue a timely appeal, or motion for leave to appeal as the case may be, from the outcome of the remand hearing.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  We hasten to make clear that we are not determining that plaintiff's allegations regarding substance, as well as, the timing of his knowledge, are credible.  Nor are we determining that Popper acted negligently or harmed plaintiff in any way.  We are simply affording plaintiff, as we must, all reasonable inferences from the existing summary judgment record.  <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 <u>N.J.</u> 520, 540 (1995).

A-5009-15T4